UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVEN A. WESOLEK,

    Plaintiff,

v.                                          Case No. 5:23-cv-6-TKW/MJF

RICKY DIXON, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Upon review of Plaintiff Steven A. Wesolek's complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), because of Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

**I. BACKGROUND**

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") currently housed at Taylor Correctional Institution.[1] Doc. 8 at 2, 19–21. Plaintiff's inmate number is "C06748." *Id.* at 1.

On January 9, 2023, Plaintiff filed a civil-rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff named five defendants: (1) FDC Secretary Ricky

---

[1] The clerk of the court shall update the docket to reflect Plaintiff's new address.

Page 1 of 11

Dixon; (2) Warden Scott Duvall; (3) Colonel Jeffrey Brown; (4) Classification Officer Dusty Collins; and (5) Housing Officer Sellers. *Id.* at 1–4.

On January 11, 2023, the undersigned directed Plaintiff file an amended complaint. Doc. 7. The undersigned advised Plaintiff that he "should ensure that he completely and honestly answers all questions on the complaint form." *Id.* at 2.

Plaintiff timely filed a first amended complaint. Doc. 8. In that complaint, Plaintiff names only four Defendants: (1) FDC Secretary Ricky Dixon; (2) Colonel Jeffrey Brown; (3) Classification Officer Dusty Collins; and (4) Housing Officer Sellers. *Id.* at 1–4. Plaintiff asserts Defendants were deliberately indifferent to a serious risk of harm in violation of the Eighth Amendment. *Id.* at 13.

In August 2020, while housed at Holmes Correctional Institution, Plaintiff was assigned a cellmate, Jeffrey Stevens, who was a member of the gang "MPR" (Money, Power, Respect). *Id.* at 6. Because Plaintiff is "transgender," Stevens and other gang members allegedly extorted and assaulted Plaintiff. Plaintiff wrote grievances advising Defendants of the extortion, assaults, and threats to Plaintiff's safety. *Id.* at 6–8. Plaintiff also spoke directly to some of the Defendants and advised them of the danger. *Id.* 6–7, 9. Despite this, Defendants did not transfer Plaintiff or reassign Plaintiff to another cell. On January 7, 2021, Stevens attacked Plaintiff, and Plaintiff suffered several injuries. *Id.* at 11. Plaintiff seeks damages and injunctive relief for the Defendants' purported violation of the Eighth Amendment. *Id.* at 13.

## II. DISCUSSION

**A.** <u>Screening of Plaintiff's Complaint</u>

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process

Page 3 of 11

under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**B.     Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 8 at 14–18; Doc. 1 at 15–17. The complaint form expressly warns: "**[F]ailure to disclose all prior cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.**" Doc. 8 at 14. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 15–16. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any question, then the plaintiff must disclose each case. *Id.*

In response to Questions A and B, Plaintiff responded, "No," and did not disclose any cases. *Id.* In response to Question C, Plaintiff responded, "Yes," and disclosed two actions filed in state court. Doc. 8 at 14–15. In Plaintiff's first amended complaint, Plaintiff did not disclose any federal lawsuits.[2]

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history is true and correct." Doc. 8 at 18. Thus, at the time Plaintiff signed the first amended complaint, Plaintiff asserted that he had only filed one federal civil action and two state civil actions.

C.   **Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed the initial complaint and the first amended complaint, Plaintiff failed to disclose that Plaintiff had filed a civil action challenging the prosecutor who handled Plaintiff's criminal case: *Wesolek v. Assistant State Attorney*, No. 6:13-cv-1146-ACC-DAB (M.D. Fla. July 29, 2013).[3] This case bears Plaintiff's FDC inmate number: C06748.

---

[2] In the original complaint, Plaintiff disclosed a federal lawsuit predicated on similar facts: *Wesolek v. Gaines*, 8:20-cv-1941 (M.D. Fla. Aug. 20, 2020). Doc. 1 at 16–17.

[3] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

Because Plaintiff failed to disclose this case, Plaintiff violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

**D.    The Materiality of Plaintiff's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d

1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that Plaintiff was required to disclose all prior cases that related to Plaintiff's conditions of confinement or a challenged conviction. Doc. 8 at 14. "[***F***]***ailure to disclose all prior cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* There is no excuse for Plaintiff's failure to

respond truthfully to the questions on the complaint form. The questions were straightforward and intelligible.

To the extent Plaintiff could not remember fully Plaintiff's litigation history or was unsure whether to disclose the case, Plaintiff could have indicated that on the complaint form. *See* Doc. 8 at 14 (noting that prisoners should "err on the side of caution if you are uncertain whether a case should be identified."). Plaintiff did not. Rather, Plaintiff affirmatively represented that Plaintiff had filed only one prior federal lawsuit before commencing this action.

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E. **The Appropriate Sanction Is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this

case without prejudice.[4] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty.[5] *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without

---

[4] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint occurred in August 2020. Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

[5] Further, the undersigned already afforded Plaintiff an opportunity to amend his complaint and warned Plaintiff that each question must be answered "completely and honestly." Doc. 7 at 2. Despite that admonition, Plaintiff did not disclose Plaintiff's entire litigation history in Plaintiff's amended complaint.

prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 21st day of February, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails**

**to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**